IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID A. POLLOCK ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 4978 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| BOSS INDUSTRIES, INC., ) | |
| an Indiana corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

David A. Pollock has sued Boss Industries, Inc. for breach of employment contract, wrongful termination of contract and violation of the Indiana Wage Payment Statute, IND. CODE ANN. § 22-2-5-1, *et seq.* Defendant has counterclaimed, alleging unjust enrichment and conversion under IND. CODE ANN. § 35-43-4-3 (2005). Before the Court is defendant's motion, pursuant to 28 U.S.C. § ("section") 1404(a), to transfer venue to the Northern District of Indiana, South Bend Division. For the reasons set forth below, the motion is granted.

### Facts

Plaintiff is a resident of St. Charles, Illinois. (Compl. ¶ 1.) Defendant is an Indiana corporation with its principal place of business in LaPorte, Indiana. (*Id.* ¶ 2.)

On or about July 1, 2002, plaintiff and defendant entered into an employment agreement, whereby plaintiff became defendant's Vice President of Sales. (*Id.* ¶ 3.) Among other things, the

agreement entitled plaintiff to a commission on certain sales, which was to be calculated as set forth in the agreement. (*Id.*, Ex. 1, Employment Agreement ¶ 5.)

Boss paid plaintiff commissions in accordance with the agreement from July 2002 through March 2003. (Compl. ¶ 7.) Thereafter, plaintiff alleges, Boss unilaterally changed the commission calculation, thereby decreasing the amount he received. (*Id.* ¶¶ 8-9.)

On May 5, 2005, Boss sent a letter to plaintiff notifying him that he was being terminated for financial cause in accordance with the agreement. (*Id.* ¶ 12, Count III ¶ 16; *see id.*, Ex. 1 ¶ 8c (defining financial cause).) Plaintiff alleges that defendant used improper accounting methods to concoct the financial cause for his termination. (*Id.* Count III ¶ 17.)

## Discussion

This Court may "[f]or the convenience of the parties and witnesses, and in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *Federated Dep't Stores, Inc. v. U.S. Bank Nat'l Ass'n*, No. 00 C 6169, 2001 WL 503039, at *1 (N.D. Ill. May 11, 2001). Neither party disputes that venue is proper both here and in the Indiana court, so we will focus on the third factor.

To determine whether the transfer will be more convenient for the parties and witnesses and will serve the interests of justice, we must analyze the private interests of the parties and the public

2

interests of the court. *Id.* at *2. The factors relevant to considering the parties' private interests are "(1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." *Id.* Public interest factors include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Id.*

### Plaintiff's Choice of Forum & Situs of Material Events

Generally, a plaintiff's choice of forum is given substantial weight. *Chi., R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955). But when "the plaintiff's choice of forum is not the site of material events, plaintiff's [forum] choice is entitled to less deference." *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, No. 02 C 8017, 2003 WL 1895390, at *1 (N.D. Ill. Apr. 17, 2003). Therefore, to determine the appropriate amount of deference to be accorded plaintiff's choice of forum, the situs of material events must be determined.

Defendant contends that Indiana is the site of material events because plaintiff spent the majority of his working time there, negotiated and signed the employment agreement there and because the accounting practices and commissions calculations on which plaintiff's claims are based occurred there. Plaintiff does not dispute those facts, but he says that Illinois played a significant role as well because he had an office here, where he maintained records relating to his employment, and because he supervised a salesperson from this state.

This suit does not arise, however, from the work plaintiff performed in Illinois or the documents he maintained here. It arises from the contract that was negotiated and signed in Indiana

3

and the accounting practices that occurred in Indiana. Thus, the Court finds that the situs of material events is Indiana, a finding that weighs heavily in favor of transfer. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000) (noting that the situs of the material events is one of the "most compelling factors" in the section 1404 analysis).

Moreover, the Court's finding on the situs of material events diminishes the deference owed to plaintiff's forum choice. *Suddarth*, 2003 WL 1895390, at *1. Consequently, the fact that plaintiff lives here and chose to litigate here weighs against a transfer but not significantly.

### Relative Ease and Access to Sources of Proof

Defendant argues that the access to proof factor weighs in favor of transfer because all of the relevant records are in Indiana. Plaintiff says this factor is neutral because the relevant documents can easily be made available in Illinois.

The Court agrees with plaintiff. Defendant does not contend that the documents in Indiana are so voluminous, fragile or for any other reason difficult to make available in Illinois. As a result, the access to proof factor is neutral. *Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004) (stating that access to proof factor is neutral when documents are easily transferable).

### Convenience of the Parties

The convenience of the parties factor concerns the parties' "residences and their abilities to bear the expense of trial in a particular forum." *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210

4

(N.D. Ill. 1992). Obviously, litigating here would be more convenient for plaintiff, the Illinois resident, and litigating in Indiana would be more convenient for defendant, the Indiana resident. But the Court will not grant a transfer motion if the transfer "will merely shift the inconvenience from one party to another." *Id.* at 211. Because litigation in either forum will inconvenience one of the parties, and neither party contends that they are financially unable to litigate in either forum, the convenience of the parties' factor is neutral.

## Convenience of the Witnesses

The convenience of the witnesses is often the most important factor in the section 1404 analysis. *Federated Dep't Stores, Inc.*, 2001 WL 503039, at *1. More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is presumed that party-witnesses will appear voluntarily. *Suddarth*, 2003 WL 1895390, at *2. In assessing this factor, the number of witnesses located in each forum and the importance of each witness' testimony must be considered. *Federated Dep't Stores, Inc.*, 2001 WL 503039, at *4. The burden is on the moving party to show, by identifying the witnesses to be called and offering a generalized statement of their expected testimony, that the witnesses are necessary to his case. *Id.* The Court may also consider "the availability of compulsory process for the attendance of unwilling witnesses and the costs of obtaining [their] attendance." *Stanley*, 2004 WL 1611074, at *3 (quotation omitted).

Defendant intends to call four witnesses, all of whom work and live in Indiana. The first two witnesses, Craig Attar and Ed Wainscott, are accountants who work with defendant and have knowledge of the accounting practices and relevant records. Defendant says they would testify as

5

to whether it had financial cause to terminate plaintiff's contract. Defendant would also call Patrick and Paul Wilkins, defendant's President and Vice President, respectively. The Wilkinses would testify about the negotiation, interpretation and application of the contract, plaintiff's job duties and the calculation of his commissions.

Defendant has adequately shown that the testimony of these four witnesses is necessary to its case. However, only one of those witnesses, Ed Wainscott, is a non-party; the other three are defendant's employees. Moreover, as plaintiff asserts and defendant does not deny, Wainscott is within the subpoena power of this Court. Consequently, the fact that Wainscott would have to travel to Illinois if the case were litigated here militates in favor of a transfer but only slightly.

### Speed to Trial

To evaluate this factor, the Court looks at the Federal Court Management Statistics to determine "(1) the median months from filing to disposition and (2) the median months from filing to trial" in each of the districts. *Federated Dep't Stores, Inc.*, 2001 WL 503039, at *4. On September 30, 2005, the median time from filing to disposition in this district was 6.9 months and 10.6 months in the Northern District of Indiana. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005) *available at* http://www.uscourts.gov/cgi-bin/cmsd2005.pl. The median time from filing to trial was twenty-seven months in this district and thirty-one months in the Northern District of Indiana. (*Id.*) The Court agrees with the parties that the case would progress at roughly the same pace both here and in Indiana. *See Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *3 (N.D. Ill. Mar.

6

22, 2004) (stating that a gap of two-and-a-half months will not greatly affect the speed at which the case can proceed to trial). The speed to trial factor, therefore, is neutral.

## Familiarity with Applicable Law

Generally, in diversity cases, it is "advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 198). However, "where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts." *Sitrick v. FreeHand Sys., Inc.*, No. 02 C 1568, 2003 WL 1581741, at *6 (N.D. Ill. Mar. 27, 2003); *see Amoco Oil Co.*, 90 F. Supp. 2d at 962 (stating that "contract law is not particularly complex").

Plaintiff's employment contract states that it will be governed by Indiana law. (Compl., Ex. 1 ¶ 14.) Thus, this case implicates Indiana contract law, the Indiana Wage Payment Statute and, because of defendant's counterclaim, the Indiana conversion statute. None of these bodies of law is particularly esoteric, but an Indiana court will still have greater familiarity with the laws of that state than will this Court. *See School Stuff, Inc. v. School Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050, at *6 (N.D. Ill. May 21, 2001) (denying motion to transfer, in part, because this Court would be more familiar with the Illinois Consumer Fraud Act and Illinois Uniform Deceptive Trade Practices Act than would an Arizona court). Therefore, this factor weighs slightly in favor of transfer.

7

**Relationship of Communities to Litigation**

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Because this case arises from events that took place in Indiana, is controlled by Indiana law and implicates witnesses and evidence that are located there, defendant says Illinois has no interest in having it litigated here. As plaintiff points out, however, Illinois "has a strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state-actors." *Transact Techs., Inc. v. 1Source Worldsite*, No. 01 C 2002, 2002 WL 122515, at *6 (N.D. Ill. Jan. 30, 2002). Because both courts have strong interests in this dispute, this factor is neutral.

In sum, the balance of the private factors favors a transfer. Indiana would be more convenient for the non-party witness and, more importantly, is the situs of material events. Taken together those interests outweigh plaintiff's interest in having the case litigated in his home state. The balance of the public factors weighs in favor of a transfer as well. Though the case would progress at roughly the same speed in either court, it is governed entirely by Indiana law, with which the Indiana court is far more familiar. Thus, the Court finds that it would be more convenient for the parties and witnesses and in the interests of justice to transfer this case to the Northern District of Indiana.

## Conclusion

For the foregoing reasons, Defendant's Motion to Transfer Venue [doc. no. 6] is granted. The Clerk of the Court is ordered to transfer this case to the United States District Court for the Northern District of Indiana, South Bend Division.

**SO ORDERED.**                    **ENTERED:** 2/24/06

*[signature]*

**HON. RONALD A. GUZMAN**
**United States District Judge**